Hyung S. Choi, State Bar 015669
Veronika Fabian, State Bar 018770
CHOI & FABIAN, PLC
1423 S. Higley Rd., Suite 110
Mesa, Arizona  85206
tel:  (480) 517-1400
fax: (480) 517-6955

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Norbut;<br><br>　　　　Plaintiff,<br>　　vs.<br><br>Experian Information Solutions, Inc.;<br><br>　　　　Defendant. | NO. CIV_____<br><br>**COMPLAINT FOR DAMAGES** |

## INTRODUCTION

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter referred to as "FCRA").

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to the FCRA, 15 U.S.C. § 1681(p).

## PARTIES

3. Plaintiff John Norbut ("Norbut") is a natural person residing in Maricopa County, Arizona.

4. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

5. Defendant Experian Information Solutions, Inc., ("Experian"), is a corporate entity licensed to do business in the state of Arizona.

6. Experian is a consumer reporting agency, as defined in § 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

### Underlying Facts

7. Norbut rented a property located at 2036 E. Williams Dr., Phoenix, AZ for four months in 2004.

8. His landlord was Barrett-Eastman, Property Management, LLC ("Barrett Eastman").

9. After Norbut moved out of the property, Barrett-Eastman re-rented the property to Antoinette Beckford ("Beckford") for a period from June 11, 2004 to June 10, 2005. (A copy of the Lease Agreement is attached as Exhibit A).

10. Consequently, Barrett-Eastman refunded $620.97 to Norbut for prepaid rent on June 15, 2004. (A copy of the refund check is attached as Exhibit B).

### Default Judgment Was Improperly Entered Against Norbut

11. Upon information and belief, Beckford did not make payments in accordance with her rental agreement.

12. On October 19, 2004, Barrett-Eastment, through its counsel, filed a Forcible Detainer Action in Northeast Phoenix Precinct Justice Court, Case No. CV04-07472FD.

13. Because of a systems problem, the original summons and complaint listed Norbut, instead of Beckford, as the Defendant.

14. On or about October 21, 2004, Kabe G. Peterson, a certified process server, filed an affidavit of service that she had served the Defendant in the action personally. (A copy of the affidavit of service is attached as Exhibit C).

15. The following day, on or about October 22, 2004, Peterson filed an amended affidavit of service, in which she stated that she served the defendant "by leaving copies with unidentified adult male occupant." (A copy of the amended affidavit of service is attached as Exhibit D).

16. Norbut was never served with the summons and complaint.

17. A hearing was held on October 25, 2004.

18. Beckford did not appear at the hearing.

19. Upon information and belief, the mistake regarding the proper Defendant was clarified at the hearing.

20. Eastman-Barrett requested the judgment be entered against Beckford and not Norbut.

21. The Court then orally entered judgment against Beckford on October 25, 2004.

22. However, because Norbut was originally named in the complaint, the court automatically entered judgment against Norbut as well.

### The Default Judgment Against Norbut is Set Aside

23. Norbut did not learn that judgment had been entered against him until September of 2007, from reviewing a copy of his Experian credit report.

24. Norbut obtained a letter from Barrett-Eastman stating that judgment should not have been entered against Norbut and that the court records were mistaken. (A copy of that letter is attached as Exhibit E).

25. On October 10, 2007, Norbut filed a motion to set aside the judgment entered against him, to which he attached a copy of Barrett-Eastman's letter. (A copy of that motion without exhibits is attached as Exhibit F).

26. The Court granted the motion to set aside default judgment. (A copy of the Justice Court's ruling is attached as Exhibit G).

### Dispute with Experian

27. In August of 2008, Norbut submitted a dispute to Experian, in which he explained that the judgment had been improperly entered against him and had now been set aside. (A copy of that dispute is attached as Exhibit H).

28. In connection with that letter, Norbut submitted the justice court's ruling granting his motion to set aside the default judgment along with other supporting documents.

29. After initially requesting additional information, Experian sent Norbut a letter stating:

> We are responding to the information you sent us. Upon careful review of your information, we determined that we were not able to use it. We are contacting the source of the information you questioned. When we complete our verification process, which may take up to 30 days or up to 45 days for an investigation of

information in an annual free credit report, we will send you the results.

(A copy of Experian's response is attached as Exhibit I).

30. On September 3, 2008, Experian wrote to Norbut stating that as a result of its verification, the justice court judgment would remain on Norbut's credit report. (A copy of Experian's response is attached as Exhibit J).

31. On September 8, 2008, Norbut sent Experian a second dispute explaining in detail why it was incorrectly reporting the justice court item. (A copy of Norbut's second dispute is attached as Exhibit K).

32. On September 16, 2008, Experian sent Norbut stating that the judgment would remain on his credit report. (A copy of Experian's response is attached as Exhibit L).

33. In that response, Experian also stated:

> Without additional relevant information in support of this dispute, you will not receive this notice again regarding this particular dispute.

## **Damages**

34. In October of 2008, Norbut applied for a home equity loan through Desert Schools Federal Credit Union ("DSFCU").

35. In connection with that loan application, DSFCU pulled Norbut's Experian credit report.

36. On October 28, 2008, Norbut received a letter from DSFCU stating that he had not received the best available rates on this loan because of his credit score. (A copy of that letter is attached as Exhibit M).

37. Upon information and belief, Norbut's credit score according to Experian was approximately 649 at that time.

38. The judgment does not appear on Norbut's TransUnion or Equifax credit reports.

39. Norbut's credit scores according to TransUnion and Equifax are in the 700s.

40. Norbut's ability to obtain credit has been substantially impaired as a result of the incorrect judgment on his Experian credit report.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

41. In the entire course of its action, Defendant willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a. By failing to conduct a reasonable reinvestigation upon the Plaintiff's dispute of the incorrect reporting on his credit report. 15 U.S.C. § 1681s-2(b).

42. As a result of Defendant's failure to comply with the FCRA, Plaintiff has suffered damages in an amount to be determined by this Court.

43. Defendant's actions were willful.

44. Plaintiff is therefore entitled to recover actual and punitive damages plus costs and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief against Defendant:

      a)    Actual damages;

      b)    Punitive damages;

      c)    Attorneys' fees; and

      d)    Costs.

RESPECTFULLY SUBMITTED February 10, 2009.

                                          CHOI & FABIAN, PLC


                                          Veronika Fabian /s/
                                          Veronika Fabian
                                          Hyung S. Choi
                                          Attorneys for Plaintiff